UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARRY BANHAM, ) | CASE NO. 1:08CV2886 |
| ) | |
| Plaintiff, ) | JUDGE PETER C. ECONOMUS |
| ) | Magistrate Judge George J. Limbert |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Defendant. ) | |

Barry Banham ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. For the following reasons, the undersigned recommends that the Court REVERSE the ALJ's decision and REMAND the instant case for further proceedings:

**I.      PROCEDURAL AND FACTUAL HISTORY**

On September 9, 2005, and May 29, 2007, respectively, Plaintiff filed applications for SSI and DIB. Tr. at 110-115. Plaintiff's applications were denied initially and on reconsideration. Tr. at 44-48, 73-75. On May 31, 2006, Plaintiff filed a request for an administrative hearing. Tr. at 76-78. On May 15, 2008, an ALJ conducted an administrative hearing where Plaintiff was represented by counsel. *Id*. at 19-43.  At the hearing, the ALJ heard testimony from Plaintiff and Ted Macy, a vocational expert. *Id*. On June 24, 2008, the ALJ issued a Notice of Decision - Unfavorable. *Id*. at 9-18. On November 21, 2008, the Appeals Council denied Plaintiff's request for review. *Id*. at 1-4.

On December 9, 2008, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. On April 27, 2009, Plaintiff filed a brief on the merits. ECF Dkt. #12. On June 25, 2009, Defendant filed a brief on the merits. ECF Dkt. #14. Plaintiff did not file a reply.

## II. SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

The ALJ found that Plaintiff suffers from the following severe impairments: bilateral degenerative changes of knees, morbid obesity, hypertension, and type II diabetes mellitus. Tr. at 14. The ALJ went on to conclude that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 15.

The ALJ concluded that Plaintiff retains the residual functional capacity ("RFC") to perform light work. Tr. at 15. Specifically, the ALJ found that Plaintiff can lift 20 pounds occasionally and 10 pounds frequently, can sit 6 hours out of an 8 hour work day and can occasionally perform postural activities. *Id*. The ALJ reasoned that Plaintiff's symptoms could be expected to produce the alleged symptoms, but that Plaintiff's statements concerning the persistence and limiting effects of those symptoms were not entirely credible or supported by the record. *Id*. at 16. The ALJ further reasoned that Plaintiff testified to exertional restrictions, while the current medical evidence of record does not show any significant exertional restrictions that would prevent him from performing light exertional work. *Id*. The ALJ noted that Plaintiff's medical records, predating the alleged onset date, documented complaints of leg pain, knee pain, abdominal pain, eye problems, hypertension, and obesity related problems. *Id*. Plaintiff received treatment from the Veterans Administration Medical Center in Cleveland, where his weight was documented at 361 pounds and it was recommended that he receive nutrition counseling. *Id*. However, the ALJ noted that Plaintiff refused to receive such counseling. *Id*. The ALJ also noted that an examination of Plaintiff's extremities showed bilateral pitting edema, and his knees were tender to palpation. *Id*. The ALJ stated that bilateral x-rays of Plaintiff's knees showed mild degenerative changes and chest x-rays showed no active pulmonary infiltrates. *Id*. Further, physical examinations continued to show problems related to obesity with edema and bilateral knee pain. *Id*. Plaintiff's abdominal pain was

treated and resolved. *Id*.

The ALJ went on to conclude that Plaintiff's musculoskeletal conditions, hypertension, diabetes mellitus, and obesity provide a basis for pain and discomfort, but not for discomfort that would rule out light work. Tr. at 16. The ALJ reasoned that Plaintiff's impairments are manageable with medications and appropriate treatment. *Id*. at 17. Here, the ALJ noted that nutrition counseling was recommended for his diabetes mellitus, but Plaintiff refused. *Id*. Further, Plaintiff testified that his diabetes was "under control." *Id*. The ALJ noted that Plaintiff's daily activities also "argue against disability." *Id*. The ALJ stated that Plaintiff was looking for employment in March of 2008, he is able to walk his dog and make lunch for himself, and he visits his brother-in law. *Id*. The ALJ concluded that "[t]hese activities are not indicative of a person who is totally disabled and show that he is able to function quite well doing the things he wants to do." *Id*.

Based on Plaintiff's RFC, the ALJ determined that Plaintiff is capable of performing his past relevant work as a cashier. Tr. at 17. The ALJ reasoned that the vocational expert testified that Plaintiff's past work as a cashier was light, unskilled work. *Id*. The ALJ further reasoned that the vocational expert testified that Plaintiff would be capable of performing his past work with the stated RFC. *Id*. Accordingly, the ALJ found that Plaintiff is not disabled. *Id*.

### III.  STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

> 4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));
>
> 5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

## V. ANALYSIS

Plaintiff raises three arguments: (A) that the ALJ's analysis of his credibility was not based upon a full and accurate reading of the record; (B) that the ALJ's finding that Plaintiff can perform light work and return to his past work as a cashier is not based upon substantial evidence; and (C)

that the Appeals Council's decision is not supported by substantial evidence of record. ECF Dkt. #12.

### A. Whether the ALJ erred in assessing Plaintiff's credibility

Plaintiff first contends that the ALJ misstated the burden of proof in stating that "[t]hese activities are not indicative of a person who is totally disabled. . ." ECF Dkt. #12 at 4. Plaintiff contends that the ALJ should have considered whether he could perform sustained work activities on a regular basis. *Id*.

The undersigned believes that Plaintiff is correct in contending that the ALJ applied the incorrect legal standard because "[d]isability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity". *Smith v. Califano*, 637 F.2d 968, 971 (3rd Cir. 1981). The ALJ was incorrect in making the blanket assertion that Plaintiff's ability to look for employment, walk his dog, make lunch for himself, and visit his brother-in-law are activities not indicative of a person who is totally disabled. However, it still remains the ALJ's duty to assess Plaintiff's credibility based on the facts of this particular case. Therefore, the Court must consider whether these activities are inconsistent with the ALJ's RFC.

The undersigned recommends that the Court find that the ALJ's RFC and credibility determination are not supported by substantial evidence. The ALJ found that Plaintiff's ability to walk his dog, make lunch, and to visit his brother-in-law were inconsistent with his alleged limitations. However, the ALJ's conclusion lacks adequate articulation as to how these activities are inconsistent with Plaintiff's alleged limitations. For example, even though Defendant points out that the record indicates that Plaintiff takes his dog for short walks (Tr. at 165), it is unclear how long those walks last, how frequent they are, or if Plaintiff experiences any pain during these walks. Further, Plaintiff testified that he drives to visit his brother-in-law. Tr. at 27. The ALJ did not elicit any further testimony regarding the amount of walking involved in those visits, such as detailing how far it is from the car to the house or whether Plaintiff had to negotiate any stairs during his visits. *Id*. at 27-28. Further, the ALJ fails to explain how these activities show that Plaintiff is capable of performing light work for 8 hours a day, despite contending that Plaintiff is "able to function quite well doing the things he wants to do." The problem is that the record lacks any detail

-5-

to quantify the ALJ's conclusion that Plaintiff functions "quite well." Rather, it appears that, in the ALJ's view, the mere fact that Plaintiff walks his dog at all, visits his brother-in-law, and cooks lunch was sufficient to find that Plaintiff was not disabled. But, as previously stated, a person need not cease all activity in order to be considered disabled. The ALJ's decision simply fails to explain how Plaintiff's activities of daily living are consistent with the demands of an 8-hour workday and how they are inconsistent with Plaintiff's allegations of disabling limitations.

Since substantiality of the evidence is based on the totality of the record, and since the ALJ's analysis regarding Plaintiff's activities of daily living is clearly deficient, the undersigned recommends that the Court remand the instant case, irrespective of any other justifications offered by the ALJ (*e.g.*, analysis of the medical evidence, Plaintiff's employment searching activities, and Plaintiff's failure to follow recommendations regarding diet and weight loss). The undersigned recommends that the Court remand the instant case for further factfinding, analysis, and articulation by the ALJ regarding Plaintiff's alleged limitations resulting from his impairments.

Although the analysis could end here, the undersigned notes that other errors exist in the ALJ's decision that should be remedied on remand. Plaintiff contends that the ALJ improperly discounted his credibility by noting that he was looking for employment in March of 2008. ECF Dkt. #12 at 5. Plaintiff reasons that he only told a social worker that he had been looking for work, and "it is likely merely an example of telling someone what you think they want to hear." *Id*. Although Plaintiff offers no factual support for this conclusion, the undersigned still believes that the ALJ improperly considered Plaintiff's statement as an indication that he was not disabled. The Honorable Patricia Gaughan of this Court has held that a claimant's *desire* to be employed is distinguishable from the *ability* to work, even if that person has taken steps toward searching for a job. *See Elkins v. Commissioner of Social Security Administration*, No. 5:08CV1999 (N.D. Ohio Sept. 9, 2009) (ECF Dkt. #20, adopting Limbert, M.J., R&R ECF Dkt. #17 at 6):

> She also stated that she could not find a job because of her credit history and work absences due to her Crohn's disease. *Id.* However, these statements do not signify that Plaintiff was *capable* of going to school or of working at substantial gainful employment in the national economy; they merely indicate her *desire* to attend school and work. *See Parish v. Califano*, 642 F.2d 188, 191 (6th Cir. 1981)("[a]ttending college on a part-time basis is not the equivalent of being able to engage in substantial gainful activity" because "one may miss occasional classes without penalty, and

> homework may be scheduled for those times when the students feels his or her best"); *Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 530 (6th Cir. 1992)(claimant who continued dancing, enrolled part-time in law school, and founded a national support group for persons suffering from Epstein-Barr virus over the period for which she claimed disability benefits did not warrant a finding that she had the RFC to return to previous work or maintain substantial gainful employment in the national economy).

Indeed, a claimant may not learn that he is disabled until he searches for a job and discovers that he is unable to perform the duties of any positions available in significant numbers. Accordingly, the ALJ in this case improperly determined that Plaintiff's efforts in searching for a job were inconsistent with his allegations of disabling symptoms.

Further, Plaintiff contends that the ALJ improperly discounted Plaintiff's credibility based upon his failure to follow recommendations regarding diet and weight loss. ECF Dkt. #12 at 6. Social Security Ruling (SSR) 02-1p provides that obesity is no longer an impairment listing under the 20 C.F.R. subpart P, appendix 1 Listing of Impairments. SSR 02-1p. However, the Ruling states that social security adjudicators must still consider obesity in the sequential evaluation process, which includes assessment of the RFC in adults at Steps Four and Five. *Id.* SSR 02-1p states that adjudicators "will explain" how they reached their conclusions as to whether obesity caused any physical or mental limitations. *Id.* It further states that:

> [o]besity can cause limitation of function. The functions likely to be limited depend on many factors, including where the excess weight is carried. An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural functions, such as climbing, balance, stooping, and crouching. The ability to manipulate may be affected by the presence of adipose (fatty) tissue in the hands and fingers. The ability to tolerate extreme heat, humidity, or hazards may also be affected.
>
>        \*  \*  \*
>
> An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time. As explained in SSR 96-8p ("Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims"), our RFC assessments must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a result and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule (fn5]. In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity.

* * *

> The combined effects of obesity with other impairments may be greater than might be expected without obesity. **For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone.**

*Id.* (emphasis added). While an ALJ must consider the effects of obesity, he may not presume that it is a curable impairment. *Johnson v. Secretary of H.H.S.*, 794 F.2d 1106, 1113 (6th Cir. 1986); *Harris v. Heckler*, 756 F.2d 431, 435, n.2 (6th Cir.1985); *Sayers v. Gardner*, 380 F2d. 940, 953 (6th Cir. 1967). Further, an ALJ may not deny a claim based upon a claimant's failure to lose weight unless weight loss treatment was prescribed, rather than merely suggested, and the treatment would restore the claimant's ability to work. *Harris*. 756 F.2d at n.2 quoting 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your physician *if this treatment can restore your ability to work*.").

Here, the ALJ improperly discounted Plaintiff's claims of disabling symptoms based upon his failure to follow *recommendations* regarding diet and weight loss. Pursuant to *Harris*, the ALJ is not permitted to do so. In fact, he must consider whether Plaintiff's obesity exacerbates Plaintiff's other impairments. SSR 02-1p.

### B. Whether the ALJ erred in finding the Plaintiff can perform light work and return to his past relevant work as a cashier

In his second claim, Plaintiff asserts that the ALJ improperly relied on the opinion of the vocational expert, who relied upon Plaintiff's physical RFC from December 1, 2005 (Ex. 2F). ECF Dkt. #12 at 7 citing Tr. at 17, 262-269. Plaintiff contends that, following this RFC assessment, his condition did not improve and, in some respects worsened. ECF Dkt. #12 at 7. Plaintiff reasons that his weight continued to top 325 pounds, he tried a variety of pain medications, and he continued to complain of significant leg and knee pain.

Although Plaintiff contends that the vocational expert improperly relied on Exhibit 2F, it was only Plaintiff's counsel who mentioned Exhibit 2F during the vocational expert's testimony. *See* Tr. at 39. The ALJ asked hypothetical questions and did not specifically reference the RFC assessment located at 2F. *Id*. at 37-38. Therefore, Plaintiff's claim is factually misplaced. The ALJ relied upon the testimony of the vocational expert, which was responsive to a hypothetical question.

-8-

To the extent that Plaintiff contends the vocational expert relied upon an outdated RFC assessment, his claim lacks merit. However, to the extent that Plaintiff contends that the ALJ's RFC was not supported by substantial evidence because he did not consider Plaintiff's obesity, his claim has merit for the reasons discussed in Section V.A., above. Since the ALJ's RFC for Plaintiff was not supported by substantial evidence, then of course his conclusion that Plaintiff can return to his past relevant work is also not supported by substantial evidence because the vocational expert relied upon a hypothetical question that did not consider the effects of Plaintiff's obesity.

Since the undersigned perceives the error pertaining to Plaintiff's second claim as an error relative to RFC assessment, the effect of remanding for Plaintiff's second claim and remanding for Plaintiff's first claim are the same. Both will require the ALJ to conduct further factfinding, articulation, and analysis pertaining to Plaintiff's alleged limitations resulting from his impairments. The ALJ will then have to re-articulate Plaintiff's RFC.

### C. Whether the Appeals Council erred in declining review of Plaintiff's claim

Lastly, Plaintiff contends that the Appeals Council improperly denied review of his claim. ECF Dkt. #12 at 8. Given the foregoing recommendations, this claim is moot. Regardless, "[t]he Appeals Council may deny a party's request for review or it may decide to review a case and make a decision.," but "[t]he dismissal of a request for Appeals Council review is binding and not subject to further review." 20 C.F.R. §§ 404.981, 404.972. While new material evidence may be submitted for consideration to the Appeals Council pursuant to 20 C.F.R. § 404.970, a federal court's review is generally limited to the ALJ's decision, not the denial of review by the appeals council. *See Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993) citing *Phelps v. Secretary of Health and Human Servs.*, 961 F.2d 1578 (6th Cir.1992).

Here, the Appeals Council denied Plaintiff's request for review; therefore, its action does not amount to a decision on the merits of Plaintiff's claim. *See* 20 C.F.R. § 404.981. The Appeals Council's denial of review is not subject to appeal in this Court**.**

## VI. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court REVERSE the ALJ's decision. The undersigned recommends that the Court remand the instant case for further factfinding, articulation, and analysis pertaining to Plaintiff's alleged limitations resulting from his impairments, along with reconsideration and re-articulation of Plaintiff's RFC.


DATE:  December 10, 2009           */s/George J. Limbert*
                                                    GEORGE J. LIMBERT
                                                    UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).